IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO.c
EASTERN DIVISION

| | | |
|---|---|---|
| RUIYAO CHEN<br>955 North Stewart Rd<br>Mansfield, OH 44906 | )<br>)<br>)<br>) | CASE NO: 5:12-CV-01588<br><br>JUDGE: HON. JOHN R. ADAMS |
| on behalf of himself and all others<br>similarly situated, | )<br>)<br>) | |
|      Plaintiff,<br>vs. | )<br>)<br>)<br>) | |
| YELLOW TAIL, INC.<br>4054 Medina Rd.<br>Akron, OH 44333 | )<br>)<br>)<br>) | **PLAINTIFF FIRST AMENDED<br>COMPLAINT WITH COLLECTIVE<br>ACTION ALLEGATIONS** |
| AND | )<br>) | DEMAND FOR JURY TRIAL |
| LING LING AUYEUNG NI<br>3403 East Galloway Dr.<br>Richfield, OH 44286 | )<br>)<br>)<br>) | |
|      Defendants. | ) | |

Plaintiff, Ruiyao Chen, by and through her undersigned counsel, pursuant to Federal Rule of Civil Procedure Rule 15(a)(1)(B), first amends her Complaint against Defendants Yellow Tail, Inc. and Ling Ling Auyeung Ni, seeking all available relief under the Fair Labor Standards Act, 29 U.S.C. §§201-219 ("FLSA").

In addition to seeking relief on behalf of herself, Plaintiff asserts her FLSA claims on behalf of similarly situated workers who are or have been employed by Defendants as full time worker at any time within three (3) years prior to the filing of this action through the date of the final disposition of this action ("Class Period") as a collective action pursuant 29 U.S.C.216 (b). The following allegations are based upon personal knowledge of Plaintiff's as well as on information and belief. An affidavit of Plaintiff Chen is also attached hereinafter. *Exhibit A*.

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's claims under the FLSA pursuant to 28 U.S.C. §1331, 28 U.S.C. §1337, and 29 U.S.C. §216(b).

2. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because these claims are so closely related to Plaintiff's claims under the federal FLSA that they form part of the same case or controversy.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events or omissions giving rise to the claims occurred in this District and Division.

## PARTIES

4. At all times relevant herein, Plaintiff Ruiyao Chen was an individual who resided at 955 North Stewart Rd, Mansfield, OH 44906.

5. At all times relevant herein, Plaintiff was an employee entitled to the full protections of the FLSA. 29 U.S.C. § 203.

6. Upon information and belief, at all times relevant herein, Defendant Yellow Tail, Inc. ("Defendant Yellow Tail") was a corporation formed and existing under the laws of the State of Ohio, engaging in the restaurant business, and whose address was 4054 Medina Road, Akron, OH 44333.

7. Upon information and belief, at all times relevant herein, Defendant Ling Ling Auyeung Ni ("Defendant Ni") was the owner, principal, manager, and/or executive officer of Yellow Tail and its statutory agent, whose address was 3404 East Galloway Drive, Richfield, OH 44286.

8. At all times relevant herein, Defendants were employers covered by the FLSA. 29 U.S.C. § 203.

9. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

10. Written consents to join this action as to Count I, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

11. Both the Restaurant and Ni shall be collectively referred to as "Defendants" hereinafter.

## FACTUAL ALLEGATIONS

12. Defendant Yellow Tail is a large Japanese Seafood Buffet, Bar, and Lounge owned by Defendant Ling Ling Auyeung Ni and her family. They are Chinese.

13. In operating their business, Defendants regularly hires fifteen to twenty peoples as cooks, kitchen helpers, servers and other workers to serve the food to customers.  Half of them work in kitchen.  Among those who work at kitchen, most of them do not speak much English. These workers regularly work over forty hours (40) a week and do not receive any overtime compensation.

14. Plaintiff proposes one class defined as:

> all current and former non-exempt employees of Defendants at any time between July 12, 2009 and the present, who (1) perform restaurant duties (including but not limited to cooking, food preparation, serving customers, cleaning and maintenance); (2) work full-time for Defendants; and (3) work more than forty (40) hours in a workweek, but did not receive overtime pay at the rate of one and one-half times their regular rate of pay for all time in excess of forty (40) hours.

15. The Class members' work is integral and indispensable to Defendant's restaurant business.  Class members' responsibilities include: preparing a variety of foods and

drinks, cooking dishes offered by Buffet menu, serving the customers, cleaning the tables and restaurant, meeting various requests of customers, and providing all other services related to a buffet restaurant.

16. The Class members follow Defendants' specific work rules and regulations, maintain a professional and courteous manner as required by Defendants, and obey the work hours required by Defendants.

17. Pursuant to Defendants' common business practices, Class Members regularly work over forty hours per workweek, without receiving the time-and-one-half overtime premium required by the FLSA. Defendants are able to continue these practices because of the character of the pool of workers they selected. Most Class Members do not speak much English, and many of them do **not** have legal immigration status to work or live in the United States.

18. Defendants closely direct and control Class members' day-to-day activities and all aspects of their employment.

FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF CHEN

19. Plaintiff was hired as a cook and began her employment with Defendants on March 4, 2012. In the beginning, Plaintiff worked as a part-time cook. On April 1, 2012, the parties entered into an oral agreement that Plaintiff would work as a full-time cook and be paid a wage of $3,000 per month.

20. From April 1, 2012 to April 30, 2012, Plaintiff was paid $600 by a check and $2,400 by cash.

21. However, during that time period, Plaintiff worked on average from 10:30 a.m. to 11:30 p.m. every day, six days per week, for a total of 78 hours per week.

22. Plaintiff did not receive any overtime compensation.

23. Plaintiff followed the same work schedule in the month of May 2012.  On May 17, 2012, plaintiff was injured in her right eye while at work.  Despite that, even on the day of the injury, she worked until 11:30 pm.  She continued to work until May 22, 2012, when her condition became unbearable.

24. On May 23, 2012, Plaintiff Chen went to see doctors at the Cleveland Clinic.  Doctors immediately performed an eye surgery on her.  But the surgery did not restore vision to her right eye. After a short period of recovery, Plaintiff went to Defendants seeking the back wages owed to her.

25. Defendants refused to compensate Plaintiff, stating that Plaintiff was not their employee and refused to pay her wages for May 2012.  As a result, Plaintiff was not paid any wages for the month of May, 2012.

26. Defendants knowingly and willfully failed to pay Plaintiff minimum wage and overtime wages during and after her employment.

27. Defendant Ni neither distinguished herself from Defendant Restaurant, nor treated the Restaurant as a separate entity.  Defendant Ni represented to Plaintiff that she was the Restaurant.  Moreover, Defendant Ni paid Plaintiff cash from her own pocket.

28. Defendants paid employees' wages in cash to avoid federal and state tax and related obligations.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff bring this lawsuit pursuant to 29 U.S.C. §216(b) as a collective action on behalf of all persons who work or worked full time at Defendant Yellow Tail at any time within

three years prior to the filing of this action through the date of final disposition of this action.

30. Plaintiff and the above-defined class of workers are similarly situated, as defined in 29 U.S.C. §216(b), because Class Members worked pursuant to Defendants' established business practice, and as a result of such practice, were not paid the legally mandated overtime wage under FLSA.

31. These similarly-situated employees are known to Defendants and are readily identifiable through Defendant's payroll records.  These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

32. Notice of this collective action should be sent to all Defendants' present and former employees within the Class Period because of Defendants' efforts in intentionally misclassifying their employees.

33. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least a hundred persons.

## COUNT ONE – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

34. Plaintiff and the class incorporate the preceding paragraphs as if the same were fully set forth herein.

35. At all times relevant herein, Defendant Yellow Tail was an employer under the FLSA, 29 U.S.C. §203.

36. At all times relevant herein, Defendant Yellow Tail was an enterprise engaged in commerce or in the production of goods for commerce under the FLSA, 29 U.S.C. §203.

37. At all times relevant herein, Plaintiff and the class were employees under the FLSA, 29 U.S.C. §203.

38. The FLSA requires covered employees to be compensated for every hour worked in the workweek.  Moreover, it requires covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in the workweek. 29 U.S.C. §§ 206(b), 207(a).

39. Defendants violated the FLSA by refusing to pay Plaintiff and the class overtime wages.

40. Defendants violation was willful and with reckless disregard of clearly mandated FLSA requirements. 29 U.S.C. § 255.

41. As a result of Defendants' practice and willful violation, Plaintiff and the class have been damaged in that they have not received any overtime wages required by FLSA.

COUNT TWO – VIOLATION OF MINIMUM WAGE UNDER FLSA

(For Plaintiff Chen Only)

42. Plaintiff Chen incorporates the preceding paragraphs as if the same were fully set forth herein.

43. Defendants are required by FLSA to pay minimum wage to their employees. 29 U.S.C. § 206(b), O.R.C. § 4111.02.

44. Defendants refused to pay Plaintiff Chen any wages for May 2012.

45. Defendants' violation was willful and in reckless disregard of Plaintiff's rights under federal law.

46. As a result of Defendants' willful violation, Plaintiff Chen has been damaged in that she has not received any wage for twenty two (22) days of work she performed in May 2012.

## COUNT THREE ---- FRAUD

(For Plaintiff Chen Only)

47. Plaintiff incorporates the preceding paragraphs as if the same were fully set forth herein.

48. Defendants intentionally misrepresented to Plaintiff that Defendants would pay Plaintiff $3,000 per month as a full time employee.

49. Defendants knew that the representation was false, and made with intent to induce Plaintiff's service to Defendants.

50. Plaintiff justifiably relied on Defendants' representation and suffered injury as a result.

51. Defendants' knowing and intentional misrepresentation, upon which Plaintiff justifiably relied, constituted egregious fraud.

52. As a direct and proximate result of Defendants' fraud, Plaintiff suffered monetary damages, the wages owed to her for the month of May 2012, as alleged herein.

## COUNT FOUR – PIERCE THE CORPORATE VEIL – DEFENDANT NI IS PERSONALLY LIABLE

(For Plaintiff Chen Only)

53. Plaintiff incorporates the preceding paragraphs as if the same were fully set forth herein.

54. Upon information and belief, at all times relevant herein, Defendant Ni and/or her family was the sole owner of Defendant Yellow Tail and exercised control of Yellow Tail to such a degree that Yellow Tail had no separate mind, will, or existence of its own.

55. At all times relevant herein, Defendant Yellow Tail has been a legal fiction and the alter ego of Defendant Ni.

56. At all times relevant herein, Defendant Ni exercised such control over Defendant Yellow Tail so as to commit illegal acts against Plaintiff by attempting to use Defendant Yellow Tail to shield her from any liabilities arising from her conduct, including the actions alleged in this Complaint.

57. As a direct and proximate result of the control and dominion exercised by Defendant Ni over Defendant Yellow Tail, Plaintiff has suffered damages and unjust losses.

58. Defendant Ni is personally liable to Plaintiff for the aforementioned wrongful acts.

PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief for herself and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action;

B. Prompt issuance of Notice pursuant to 29 U.S.C. §216(b) to all similarly situated members;

C. Designation of Plaintiff Chen as Representatives of the Collective Plaintiffs;

D. Actual damages for unpaid overtime compensation;

E. Liquidated damages to the fullest extent permitted under law.

F. Costs, disbursements, and reasonable attorney fees to the fullest extent permitted under law.

G. Prejudgment and post-judgment interest as provided by law.

H. Such other and further relief as this Court deems just and proper.

9

**IN ADDITION**, Plaintiff Chen seeks the following relief for herself only:

A. Actual damages for unpaid wages for May 2012;

B. Liquidated damages for violation of FLSA minimum wage laws;

C. Costs, disbursements, and reasonable attorney fees for violation of minimum wage laws;

D. Prejudgment and post-judgment interest as provided by law.

E. An award of punitive damages for Defendants' fraudulent conduct.

F. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff herby demands a trial by jury on all issues that can be tried by a jury.

Respectfully submitted,

/s/ Lei Jiang
Lei Jiang (0084847)
Lei Jiang LLC
26943 Westwood Rd.,
Westlake, OH  44145
(440)835-2271
ljiang@leijianglaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the original foregoing PLAINTIFF FIRST AMENDED COMPLAINT WITH COLLECTIVE ACTION ALLEGATIONS has been served this 18th day of July, 2012, by this Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Lei Jiang
Lei Jiang, Esq.